IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:11CR0183 |
| | § | ALM |
| GAY GRIFFIN | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 17, 2016, to determine whether Defendant violated her supervised release. Defendant was represented by Denise Benson. The Government was represented by William Tatum.

On September 27, 2012, Defendant was sentenced by the Honorable United States District Judge Leonard E. Davis after pleading guilty to the offense of Conspiracy to Commit Bank Fraud, a Class D. felony. Defendant was sentenced to 12 months plus one day imprisonment followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosures, credit restrictions, gambling restrictions, substance abuse testing and treatment, mental health treatment, $456,448.44 restitution, and a $100 special assessment. On October 9, 2013, Gay Griffin completed her period of imprisonment and began service of the supervision term in the Northern District of Texas. On October 5, 2016, this case was reassigned to the Honorable Amos L. Mazzant, III, U.S. District Judge, Eastern District of Texas.

On October 3, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 29 Sealed]. The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) Defendant shall pay restitution in the amount of $456,448.44. Any amount that remains unpaid when the Defendant is placed on supervision is to be paid on a monthly basis at the rate of at least 10% of the Defendant's gross income; (2) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (3) Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring the Defendant's ability to pay restitution; (4) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (5) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days each month; and (6) Defendant shall notify the probation officer ten days prior to any change of residence or employment.

The Petition alleges that Defendant committed the following acts: (1) Defendant failed to pay toward restitution during the entire year of 2014. She also failed to pay during the months of January and February 2015. During an office visit conducted on February 5, 2015, she advised she was unable to pay the full amount required, therefore, she chose not to pay anything. During this visit, she also agreed to begin paying $100 per month. Defendant failed to make a payment during the months of April, June, July, August, September, November, December 2015, and February 2016. During a home visit conducted on May 26, 2016, Defendant advised she knew she would never be able to pay all of the restitution and pointed out that there were four other defendants that should be making payments toward restitution. On average, Defendant pays $100

per month toward restitution when she makes payments. However, her pay stubs reveal she earns approximately $3,120 per month. Therefore, she has not been paying at least 10% of her gross income. Defendant Griffin has paid $1,283.08 towards the restitution. An outstanding balance of $455,165.36 remains; (2) and (3) On August 2, 2016, and September 28, 2016, Defendant Griffin was instructed to provide accurate information regarding her personal financial statement. Griffin failed to comply by not listing income received, complete liability information, and also failed to provide information regarding her spouse's income. On September 1, 2016, during an office visit, she was instructed to submit a voluntary garnishment form to the Financial Litigation Unit as she had previously agreed to do. Griffin has not complied with this instruction, and has actually refused to proceed with this agreement; (4) While on supervised release, Defendant Griffin has established seven new credit lines. As a result, a total of $6,776 in credit card debt has been incurred. During an office visit conducted on September 1, 2016, she advised she had forgotten about the condition. Additionally, she acknowledged living above her means, and attributed it to growing up poor and now wanting to enjoy driving a nice vehicle and having nice things; (5) and (6) Defendant failed to reflect accurate employment information on the monthly report forms for the months of October, November, and December 2015; as well as the months of January, February, March, April, May, June, July, and August 2016. Although Defendant commenced a new employment during the month of October 2015, she failed to accurately reflect this information through her monthly report forms. Upon instruction, she corrected the most recent report on September 18, 2016. Additionally, she did not notify her probation officer ten days prior to any change in employment.

  Prior to the Government putting on its case, Defendant entered a plea of true to allegation one (1) of the Petition, specifically that Defendant failed to pay restitution during the entire year

of 2014 and during the months of January and February of 2015. Defendant further failed to make payments during the months of April, June, July, August, September, November, December 2015 and February 2016. The Government withdrew the remaining allegations. Having considered the Petition and the plea of true to allegation one (1), the Court finds that Defendant did violate her conditions of supervised release by failing to make restitution payments as ordered.

Defendant waived her right to allocate before the District Judge and her right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons for a term of imprisonment of four (4) days, followed by a term of five (5) months of home confinement, with a term of supervised release of thirty-six (36) months to follow.

It is further ORDERED that Defendant has voluntarily agreed to execute a garnishment form; such form shall be executed and provided to her probation officer prior to her release from custody.

It is further ORDERED that Defendant will confirm the set up of electronic monitoring and must pay the cost of the first month of electronic monitoring in advance of her release.

It is further **ORDERED** that the Defendant pay restitution in the amount of $455,165.36 to the victim listed in the "Restitution" section of the Presentence Report. Any amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the Defendant's gross income, to be changed during supervision, if need, based on the Defendant's changed circumstances, pursuant to 18 U.S.C. §3464(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses,

lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within five (5) days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, #287, Tyler, Texas 75701. Interest is waived.

While on supervised release, the Defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the Court. Defendant will have monthly meetings with the Probation Officer assigned to her case to identify and report any monies received outside of her employment and to provide any requested financial information. Additionally, the Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring employment and ability to pay restitution.

Defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by this Court has been paid in full.

Defendant shall participate in a program of testing and treatment for drug abused, under the guidance and direction of the United States probation Office, until such time as the Defendant is released from the program by the probation office.

Under the guidance and direction of the United States Probation office, the Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

**SIGNED this 22nd day of November, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE