# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:11-CR-183-ALM |
| | § | |
| GAY GRIFFIN | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the above-referenced criminal action, the Court having heretofore referred the request for the revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration. The Court has received the Report and Recommendation of the United States Magistrate Judge pursuant to its order. Defendant having waived allocution before the Court as well as his right to object to the report of the Magistrate Judge, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

It is therefore, **ORDERED** that the Report and Recommendation of United States Magistrate Judge is **ADOPTED** as the opinion of the Court.

It is further **ORDERED** that Defendant's supervised release is hereby **REVOKED**.

It is further **ORDERED** that Defendant be committed to the custody of the Bureau of Prisons for a term of imprisonment of four (4) days, Defendant will execute the garnishment form prior to release followed by five (5) months of home confinement, with a term of supervised release of thirty-six (36) months to follow. The Defendant shall be placed on home detention for a period of five (5) months, to commence immediately upon release from confinement. During this time, the Defendant shall remain at her place of residence except for employment or other activities

approved in advance by the U.S. Probation Officer. Defendant shall maintain a telephone at her residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant is to pay the cost associated with her program of electronic monitoring.

It is further **ORDERED** that the Defendant pay restitution in the amount of $456,448.44 to the victim listed in the "Restitution" section of the Presentence Report. Any amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the Defendant's gross income, to be changed during supervision, if need, based on the Defendant's changed circumstances, pursuant to 18 U.S.C. §3464(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within five (5) days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, #287, Tyler, Texas 75701. Interest is waived. The Court is imposing all of the previous special conditions.

**IT IS SO ORDERED.**
**SIGNED this 30th day of November, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE